**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CRAIG THOMAS WURZBACHER,**

        **Petitioner,**

**v.**                                                     **Civil Action No. 2:06cv110
(Judge Maxwell)**

**BANNUM PLACE, INC.,**

        **Respondent.**

**OPINION/REPORT AND RECOMMENDATION**

The *pro se* petitioner initiated this case on November 17, 2006, by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. On March 1, and May 9, 2007, the petitioner filed amendments to his petition. This matter is before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 83.09, et seq.

**I. Procedural History**

**A. The Petition**

In the petition, the petitioner asserts that has been incarcerated at the West Virginia Regional Jail since October 28, 2006. Prior to that time he was serving the last 67 days of a 33 month federal sentence at Bannum Place, a federally contracted halfway house. The petitioner asserts that while at Bannum Place he suffered multiple violations of his constitutional rights. Specifically, the petitioner asserts the following constitutional violations:

    (1) repeated threatens of revocation of Community Corrections status;

    (2) denial of access to a law library;

    (3) denial of information under the Freedom of Information Act;

(4) denial of right to due process;

(5) denial of right to freely practice his religion;

(6) denial of liberty and the pursuit of happiness;

(7) loss of property; and

(8) denial of medical care.

As a result of the aforementioned violations of his constitutional rights, the petitioner seeks the following relief:

(1) release to home confinement;

(2) damages for lost wages, lost employment and lost employment opportunities;

(3) compensation for all misappropriated property;

(4) special compensatory damages;

(5) compensation for physical pain and suffering as a result of the withholding of medication;

(6) compensation for mental anguish, stress, anxiety and emotional suffering; and

(7) punitive damages.

## B.  **First Amendment to the Petition**

In his first amendment to the petition, the petitioner asserts that since the filing of this case, he has suffered additional harm.  Specifically, the petitioner asserts that he has suffered bodily injury and social harm, as well as, other "direct injuries."  The petitioner asserts that he was released from the Regional Detention Center on December 9, 2006.  However, due to subsequent disciplinary actions taken by Bannum Place and the Federal Bureau of Prisons ("BOP"), the petitioner was taken back into custody by the United States Marshal Service on December 13, 2006.  According to the petitioner, he was told by the Marshal Service that he was mistakenly released and that he would be

released again on February 22, 2007. It appears from the petitioner's attachments to his amendment, that on October 28, 2006, Bannum Place staff conducted an inventory of the petitioner's property left behind when he was transferred to the Regional Detention Center. While conducting the inventory, staff found an altered razor blade. The petitioner was issued an incident report that day. Additionally, plaintiff was issued a second incident report for being insolent to staff and for destroying government property (breaking a window). The petitioner asserts that the BOP later conducted a disciplinary hearing on the charges *in absentia*, and in violation of his due process rights. The petitioner asserts that the facts underlying those charges are false.

With regard to these new claims, the petitioner seeks one million dollars in damages for wrongful incarceration, false statements, conspiracy, and social injuries such as destruction of credibility. The petitioner also requests release from incarceration and from his three year term of supervised release. Finally, the petitioner wishes to pursue criminal charges against Carrie Cockrell (Director of Bannum Place), Kimberly Williams (Counselor at Bannum Place), Deborah Livingston (Disciplinary Hearing Officer) and Julian Moore (occupation unknown).

**C. Second Amendment to the Petition**

Upon review, the Court has determined that the petitioner's second amendment to the petition is identical to his first amendment. Accordingly, the petitioner's second amendment will not be discussed in further detail. All further references to his amended pleadings will refer solely to the first amendment as outlined above.

**II. Analysis**

A § 2241 petition is used to attack the manner in which a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or

length of his confinement, but generally not the conditions of that confinement. Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). Therefore, in a habeas action where success "would not necessarily spell immediate or speedier release for the prisoner, a civil rights action, not a habeas corpus action, is the appropriate remedy. Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (finding that remedy lies in habeas corpus only if success would necessarily demonstrate the invalidity of petitioner's confinement or its duration).

To determine whether a claim is cognizable under habeas corpus or as a civil rights action, the court must review whether the challenge is to the fact or duration of the prisoner's confinement, or to the conditions of the prisoner's confinement. See Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1983); see also Smith v. Gonzalez, 2007 WL 789931 *5 (D.S.C.) (slip copy). In this case, the petitioner does little more than complain of the conditions of his confinement. Moreover, the issues raised in this case -- denial of access to a law library, denial of right to freely practice religion, denial of medical care, etc., are typically the types of issues raised in a civil rights action because they relate directly to the conditions of confinement.

The one claim that the petitioner raises which may be viable under § 2241 is his claim with regard to his disciplinary proceedings because the petitioner lost gain time as a result of that action. See Preiser, 411 U.S. at 487 (1973) (an alleged deprivation of good conduct time falls within the scope of habeas corpus). Thus, if the petitioner seeks the return of his forfeited gain time, in order to obtain a speedier release, his claim could be raised under § 2241. However, the petitioner in this case makes no claim for the forfeited gain time. Instead, it appears that the petitioner merely argues that the charges against him were false and seeks damages from those persons involved in the disciplinary proceeding. Such allegations and requested relief have no impact on the length of the

petitioner's confinement.

Even if they did, it appears as if those claims would now be moot. The petitioner asserts that even with the lost gain time, he was to be released on February 22, 2007. A review of the inmate locator on the Bureau of Prisons' website,[1] confirms that the petitioner was in fact released on February 21, 2007. Thus, any claim for return of the lost gain time would not result in the petitioner's speedier release as he has already been released. Thus, those claims are now moot.

### III.    Recommendation

Because a petition for writ of habeas corpus under 28 U.S.C. § 2241 is not the proper avenue in which to seek the requested relief, or alternatively, because the petitioner's claims are now moot, the undersigned recommends that the petitioner's § 2241 petition be **DENIED**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation

---

[1] See www.bop.gov.

to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: September14, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE